IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUAN M. ORTIZ, JR.,                     §
TDCJ #928411,                           §
                                        §
              Petitioner,               §
                                        §
v.                                      §         CIVIL ACTION NO. H-05-3305
                                        §
DOUG DRETKE, Director,                  §
Texas Department of Criminal Justice -  §
Correctional Institutions Division,     §
                                        §
              Respondent.               §

## MEMORANDUM AND ORDER

State inmate Juan M. Ortiz, Jr., has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court conviction. The respondent has filed a motion for summary judgment, arguing that Ortiz is not entitled to federal habeas corpus relief because his petition is barred by the governing one-year statute of limitations. (Doc. #11). Ortiz has filed a reply. (Doc. #13). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.    BACKGROUND

On April 26, 1995, Ortiz pled guilty to charges of aggravated robbery in cause number 9422267. As a result, the 185th District Court of Harris County, Texas, placed Ortiz on deferred adjudication community supervision (*i.e.*, deferred adjudication probation) for a term of eight years. Ortiz did not appeal from that judgment.

On November 24, 1999, the State filed a motion to revoke Ortiz's probation and to adjudicate his guilt on the grounds that he had committed numerous technical violations of the terms and conditions of his supervised release. The motion alleged further that Ortiz had violated the terms and conditions of his probation by committing a new aggravated robbery. After a hearing on January 21, 2000, the trial court found that Ortiz had committed another aggravated robbery and granted the State's motion. Therefore, the trial court adjudicated Ortiz guilty of the underlying aggravated robbery offense and sentenced him to imprisonment for life.[1]

On direct appeal, Ortiz's appointed counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), noting that a professional evaluation of the record disclosed no meritorious issue for appeal. After considering a *pro se* brief submitted by Ortiz, the intermediate court of appeals affirmed the conviction and sentence in an unpublished opinion. *See Ortiz v. State*, No. 14-00-00304-CR, 2000 WL 1784981 (Tex. App. — Houston [14th Dist.] Dec. 7, 2000). Ortiz did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Ortiz filed the pending federal habeas corpus petition on September 19, 2005.[2] Ortiz

---

[1]     Aggravated robbery is a first degree felony under Texas law, which is punishable by a minimum sentence of five years in prison to a maximum of ninety-nine years or life in prison. *See* TEX. PENAL CODE § 12.32(a).

[2]     The Clerk's Office received the petition on September 21, 2005, but it is dated September 19, 2005, indicating that the petitioner placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*,
(continued...)

raises a total of five claims to challenge his underlying guilty plea in 1995, and the adjudication of his guilt in 2000.[3]  The respondent argues that the petition is untimely and that federal habeas corpus relief is barred by the governing one-year statute of limitations. The parties' contentions are discussed below under the governing standard of review.

## II.   STANDARD OF REVIEW

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  To

---

[2](...continued)
174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

[3]      In one claim, Ortiz complains that his underlying guilty plea was involuntary and that his confession to the crime was coerced.  Ortiz argues further that the adjudication of his guilt should be set aside for the following reasons: (1) the life sentence is disproportionately cruel and unusual punishment; (2) the trial court failed to exercise discretion in imposing the sentence; (3) the judgment is void because a modification to his probation constructively imposed a "punishment cap" of no more than nine years in prison; and (4) he was denied due process during the punishment phase of his proceeding.

survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted). All facts and inferences are viewed "in the light most favorable to the nonmoving party[.]" *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citation omitted). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (citation omitted). "A fact issue is material if its resolution could affect the outcome of the action." *Id.* (citation omitted).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *see also Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."). Likewise, the nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman*, 369 F.3d at 860 (citations omitted). In the absence of proof, a reviewing court will not assume that the nonmovant could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, pleadings filed by a *pro se* litigant are

entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See id.* at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished table opinion) ("Although the pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment.").

## III.   ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  The one-year statute of limitations applies to all federal habeas corpus petitions filed after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Because the pending habeas corpus petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005).  Ortiz's challenge to his underlying guilty plea in 1995 and the adjudication of his guilt in 2000 are examined separately below.

### A.      Ortiz's Guilty Plea

One of the grounds for relief listed in Ortiz's petition challenges the validity of the guilty plea that he entered on April 26, 1995.  Ortiz combines two claims in one: (1) he insists that his confession was coerced by the police, and (2) he contends that he pled guilty involuntarily because he hoped that he would only receive probation.  The statute of limitations for federal habeas corpus review for this claim began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  In Texas, a defendant placed on deferred adjudication community supervision must appeal any issue relating to the original plea hearing at the time he is placed on deferred adjudication.  *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999); *see also Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005) (holding that a sentence of deferred adjudication community supervision in Texas is a "final" judgment that triggers the statute of limitations).  Because Ortiz pled guilty and received his sentence of deferred adjudication on April 26, 1995, his time to appeal expired thirty days later on or about May 26, 1995.  *See* TEX. R. APP. P. 26(a)(1).

Ortiz's guilty plea and sentence of deferred adjudication probation became a final judgment before the AEDPA became effective on April 24, 1996.  Habeas petitioners whose convictions became final before April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255), *cert. denied*, 525 U.S. 1091 (1999).  Accordingly, Ortiz had until April 24, 1997, to seek federal

habeas corpus relief from his guilty plea and sentence of deferred adjudication. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Ortiz's pending federal habeas corpus petition, filed on September 19, 2005, is late by more than eight years and his claims are therefore time-barred unless an exception applies.

### 1.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Ortiz filed a prior federal habeas corpus petition on December 31, 2001, which was dismissed without prejudice on May 8, 2002, for failure to exhaust available state court remedies. *See Ortiz v. Cockrell*, No. H-01-4544 (S.D. Tex.). Federal habeas corpus proceedings do not qualify as "state" habeas or other collateral review for purposes of § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Accordingly, the time during which this federal habeas corpus proceeding was pending does not count for purposes of statutory tolling.

Ortiz filed a state application for a writ of habeas corpus on April 29, 2003, which the Texas Court of Criminal Appeals denied on November 12, 2003. *See Ex parte Ortiz*, No. 57,199-01. Ortiz filed a second state habeas corpus application on June 27, 2005, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on August 31, 2005. *See Ex parte Ortiz*, No. 57,199-02. As noted above, however, the limitations period for Ortiz's claims concerning his confession and his guilty plea expired on April 24, 1997. Because both of his state habeas corpus proceedings were filed well after the limitations period had

already expired, neither one of these proceedings has any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Ortiz has not alleged or shown that he was subject to state action that impeded him from filing his claims in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

## 2.      Equitable Tolling

The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some

8

extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

According to the record, Ortiz made no effort to appeal or to otherwise challenge his 1995 guilty plea until well after his probation was revoked in 2000. In fact, the record shows that Ortiz did not allege that his guilty plea was involuntary or that his confession was improperly coerced until he filed his second state habeas corpus application in 2005. In response to the summary judgment motion, Ortiz argues that he could not challenge the validity of his guilty plea at an earlier time because his hand-written confession, which he claims was coerced by the police, is missing from the record. (Doc. #13). Ortiz attaches to his response a "rewritten" version of the confession that he claims to have given previously.[4] (Doc. #13, Exhibit A). Ortiz does not, however, explain how he was prevented from raising a timely claim concerning the validity of his confession and its effect on his decision to plead guilty. Accordingly, Ortiz does not demonstrate that he acted with the requisite diligence or that he was prevented by any extraordinary circumstance from challenging his guilty plea in a timely manner. The Court concludes, therefore, that Ortiz is not entitled to equitable

---

[4]   Ortiz was convicted of the aggravated robbery of a man whom he allegedly caught having an affair with his girlfriend. The girlfriend who witnessed the offense. He provides no facts in support of his claim that his confession was coerced through police interrogation. It is true that *pro se* petitions for collateral review are entitled to a liberal construction. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

tolling and that his claims concerning the validity of his confession and guilty plea are barred by the statute of limitations.

**B.     Ortiz's Adjudication of Guilt and Life Sentence**

All of Ortiz's remaining claims concern the revocation of his deferred adjudication probation and the attendant adjudication of his guilt on January 21, 2000, which resulted in a sentence of life imprisonment.  The statute of limitations for federal habeas corpus review of these claims began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The adjudication of guilt and the sentence were affirmed on direct appeal on December 7, 2000.  Although Ortiz did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on January 6, 2001.  That date triggered the statute of limitations, which expired one year later on January 6, 2002.  Because Ortiz did not file the pending federal habeas petition until September 19, 2005, his claims are time-barred unless an exception applies.

As noted above, Ortiz is not entitled to statutory tolling for the time that his previous federal habeas corpus petition was pending.  Further, although Ortiz filed an initial state habeas corpus application on April 29, 2003, and a second application on June 27, 2005, the statute of limitations on Ortiz's challenge to the adjudication of his guilt had expired on January 6, 2002.  Accordingly, neither one of his state habeas applications has any tolling effect for purposes of § 2244(d)(2).  *See Scott*, 227 F.3d at 263.

Ortiz does not invoke any other statutory exception to the limitations period and he

provides no valid explanation for his failure to diligently pursue habeas relief from the adjudication of guilt that resulted in a life sentence.  The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[5] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000).  The Fifth Circuit has emphasized, however, that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002).  Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.  The respondent's motion for summary judgment on this issue is granted.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an

---

[5]       The Court notes, however, that the Texas Court of Criminal Appeals rejected the second state habeas corpus application filed by Ortiz, wherein he raised most of the claims that he attempts to present here, as barred by the Texas abuse-of-the-writ doctrine.  This constitutes a procedural default, which in turn poses a formidable barrier to federal habeas corpus review. *See Emery v. Johnson*, 139 F.3d 191, 195-96 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *see also Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1138 (1995).

appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The statute of limitations has been in place since 1996.  The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim for the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

**V.**     **CONCLUSION AND ORDER**

For these reasons, the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment (Doc. #11) is **GRANTED**.

2.     The petitioner's motion for leave to proceed *in forma pauperis* (Doc. #12) is **GRANTED**.

3.     This federal habeas corpus proceeding is **DISMISSED** with prejudice.

4.     A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **April 17, 2006.**

Nancy F. Atlas
United States District Judge